```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-14186-CIV-MARTINEZ
                                    MAGISTRATE JUDGE P.A. WHITE

MEYLEN PARRA,                   :

     Plaintiff,                 :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
SHERIFF ROY RAYMOND, ET AL.,    :

     Defendants.                :
_____
```

## I. Introduction

The plaintiff Meylen Parra, presently confined at the Wakulla Correctional Institution, has filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>   Sec. 1915 Proceedings in Forma Pauperis
>
>                  *   *   *
>
>            (e)(2) Notwithstanding any filing fee, or
>       any portion thereof, that may have been paid,

>   the court shall dismiss the case at any time
>   if the court determines that –
>
>               *   *   *
>
>   (B) the action or appeal –
>
>               *   *   *
>
>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which
>   relief may be granted; or
>
>   (iii) seeks monetary relief from a
>   defendant who is immune from such
>   relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the

Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id.  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id.  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id.

The plaintiff challenges a state court order entering a default final judgment of forfeiture. The state court ordered that the plaintiff's automobile, which was seized on the date of his arrest, was subject to forfeiture to the Indian River County Sheriff. The plaintiff seeks an order returning his automobile to him, arguing that the vehicle was not involved in the commission of the crime.

A plaintiff may not seek a reversal of the state court judgment in a federal civil rights complaint under 42 U.S.C. §1983. "The federal courts are not a forum for appealing state court decisions." Staley v. Ledbetter, 837 F.2d 1016, 1017 (11 Cir. 1988). Under the Rooker-Feldman doctrine[1], "a federal district court may not review the final decisions of a state court of competent jurisdiction," Liedel v. Juvenile Court of Marion County, 891 F.2d 1542, 1545 (11 Cir. 1990). If the plaintiff is dissatisfied with the result in the state court forfeiture action, he must exercise his right to state review. See Rolleston v. Eldridge, 848 F.2d 163, 165 (11 Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court.").

### III.  Conclusion

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and this case be closed.

---

[1] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 6th day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Meylen Parra, <u>Pro Se</u>
      No. K-74470
      Wakulla Correctional Institution
      110 Melaleuca Drive
      Crawfordville, FL 32327